UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Salahudin Ash-Shaheed

  v.         Case No. 21-cv-227-LM

FCI Berlin

**REPORT AND RECOMMENDATION**

  Plaintiff Salahudin Ash-Shaheed, proceeding pro se, is an inmate at the Federal Correction Institution in Berlin, N.H. ("FCI Berlin"). Before the court for preliminary review is plaintiff's complaint (Doc. No. 1), in which he asserts that FCI Berlin and a prison employee violated his constitutional rights. See 28 U.S.C. § 1915A(a) and LR 4.3(d)(1). Also before the court is plaintiff's motion for a temporary restraining order (Doc. No. 3) which is addressed in this Report and Recommendation.

**Preliminary Review**

  The court conducts a preliminary review of prisoner complaints filed in forma pauperis. See LR 4.3(d)(1); see also 28 U.S.C. §§ 1915(e)(2), 1915A. The court construes pro se complaints liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). Claims may be dismissed, sua sponte, if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a

claim upon which relief may be granted.  See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); LR 4.3(d)(1)(A).  In considering whether the complaint states a claim, the court determines whether, stripped of legal conclusions, and with all reasonable inferences construed in plaintiff's favor, the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief'" upon which relief can be granted.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

## Background and Claims

Construing his filings liberally, the plaintiff asserts a claim that an FCI Berlin employee named Napier violated his constitutional rights by opening certain mail sent from this court without plaintiff being present.  Mot. for Temp. Restraining Order (Doc. No. 3) at ¶ 2.

Interference with legal mail implicates a prison inmate's rights to access to the courts and free speech as guaranteed by the First and Fourteenth Amendments to the U.S. Constitution. Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003).  To state a viable constitutional claim based on interference with legal mail, a plaintiff must allege that the defendant "took or was responsible for actions that 'hindered [a plaintiff's] efforts to pursue a legal claim.'"  Id. (quoting Monsky v. Moraghan, 127 F.3d 243, 247 (2d Cir. 1997)).  "In balancing the competing interests implicated in restrictions on prison mail, courts have

2

consistently afforded greater protection to legal mail than to non-legal mail, as well as greater protection to outgoing mail than to incoming mail." Id.  With respect to interference with incoming mail, as plaintiff alleges here, this court has recognized:

> Not all mail that a prisoner receives from a legal source will implicate constitutionally protected legal mail rights. Indeed, even mail from a legal source may have little or nothing to do with protecting a prisoner's access to the courts and other governmental entities to redress grievances or with protecting an inmate's relationship with an attorney.

El v. Hazlewood, No. 19-CV-647-JL, 2020 U.S. Dist. LEXIS 103435, at *10, 2020 WL 3086289, at *4 (D.N.H. May 7, 2020), report and recommendation adopted sub nom. Re El v. FCI Berlin, Warden, No. 19-CV-647-JL, 2020 U.S. Dist. LEXIS 101518, 2020 WL 3086273 (D.N.H. June 9, 2020) (quoting Sallier v. Brooks, 343 F.3d 868, 874 (6th Cir. 2003)); see also Pinson v. U.S. Dep't of Justice, No. CV 12-1872 (RC), 2015 WL 13673660, at *2 (D.D.C. July 28, 2015) (finding that "contents of mail from a court need not be accorded the same protections given to the contents of mail from a prisoner's attorney") (citing McCain v. Reno, 98 F. Supp. 2d 5, 7 (D.D.C. 2000)).  "The relationship of a court with a prisoner does not raise the same concerns about privilege and confidentiality as does the relationship between a prisoner and his or her lawyer." Id. (quoting McCain, 98 F. Supp. 2d at 7); see also Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996)

("[M]ail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail."); Anctil v. Fitzpatrick, No. 1:16-CV-00107-JAW, 2018 U.S. Dist. LEXIS 210121, at *35, 2018 WL 6579153, at *13 (D. Me. Dec. 13, 2018) (inmate's receipt of "mail from the courts that was previously opened, or was read to him by a member of staff, does not establish a constitutional violation"), R&R adopted, No. 1:16-CV-00107-JAW, 2019 U.S. Dist. LEXIS 20558, at *1-*2, 2019 WL 501467, at *1 (D. Me. Feb. 8, 2019).

Finally, plaintiff has not demonstrated that the delay in processing his incoming mail from the court caused him any actual injury in violation of his constitutional rights. cf. Lewis v. Casey, 518 U.S. 343, 351 (1996).[1]  Accordingly, the district judge should dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted.

### **Temporary Restraining Order**

Having recommended the dismissal of plaintiff's mail-interference claim, the court turns to plaintiff's motion for a temporary restraining order.

A temporary restraining order under Federal Rule of Civil Procedure 65 is appropriate only when conditions exist which

---

[1] Although plaintiff asserts that his ability to serve defendants with a complaint and summons in other cases in this court in compliance with Fed. R. Civ. P. 4(m) was "eviscerated,"

4

pose a threat of an "immediate and irreparable injury, loss, or damage" to the applicant if the conduct of the opposing party is not restrained until a hearing can be held on an application for preliminary injunction. See Fed. R. Civ. P. 65(b). The requirements of Rule 65(b) are "stringent" and "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty., 415 U.S. 423, 439 (1974).

Because Ash-Shaheed has failed to state a claim upon which relief can be granted, for the reasons described in the previous section, he has, necessarily, failed to carry his burden of showing that is threatened with "immediate and irreparable injury."[2] Accordingly, his request for a temporary restraining order should be denied.

---

doc. no. 1-2, at 2, both of plaintiff's civil cases in this court were dismissed before service would have taken place. See Ash-Shaheed v. Bozzelli, No. 20-cv-359-JD (D.N.H. Aug. 12, 2020); Ash-Shaheed v. Vaintrub, No. 19-cv-1037-JL (D.N.H. July 20, 2020) appeal docketed, No. 20-1882 (1st Cir. Sept. 14, 2020).

[2]Independent of his failure to state a claim for relief, plaintiff also failed to indicate that he made any effort to give notice to the defendant or why such notice should not be required. This failure, standing alone, is a sufficient basis to deny relief. See Fed. R. Civ. P. 65(b)(1)(B).

## Conclusion

For the foregoing reasons, the court recommends that the district judge:

- dismiss plaintiff's complaint (Doc. No. 1) for failure to state a claim; and

- deny plaintiff's motion for a temporary restraining order (Doc. No. 3).

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R. Civ. P. 72(b)(2).

_____
Andrea K. Johnstone
United States Magistrate Judge

cc:   Salahudin Ash-Shaheed, pro se